UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE BALLARD, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC LOGISTICS CORP, an Arizona corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:18-cv-10320-DSF-JC<br><br>**ORDER:**<br><br>**(1) CONDITIONALLY CERTIFYING SETTLEMENT CLASSES;**<br><br>**(2) PRELIMINARILY APPROVING PROPOSED SETTLEMENT;**<br><br>**(3) APPOINTING CLASS REPRESENTATIVE, CLASS COUNSEL, AND SETTLEMENT ADMINISTRATOR;**<br><br>**(4) APPROVING FORM OF NOTICE OF PROPOSED CLASS ACTION SETTLEMENT;**<br><br>**(5) SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT** |

///

///

///

Plaintiff Dwayne Ballard's Motion for Preliminary Approval of Class Action Settlement was heard by this Court on September 9, 2019, at 1:30 p.m. The Court, having considered the Preliminary Approval Motion, supporting papers, and the Parties' evidence and argument, and good cause appearing, grants preliminary approval of the Settlement. Capitalized terms in this Preliminary Approval Order have the definition set forth in the Settlement Agreement.

**IT IS ORDERED:**

1. The Court preliminarily finds and determines that the Settlement set forth in the Settlement Agreement falls within the range of reasonableness and appears to be presumptively valid, subject only to any objections that may be raised at the Final Approval Hearing. Based on its review of the Settlement Agreement, this Court finds that the Settlement is the result of (a) extensive, arm's-length negotiations between the Parties, (b) following sufficient investigation and research of the claims and the law, (c) by experienced counsel on both sides, (d) that enabled the Parties to reasonably evaluate the strengths and weaknesses of the claims and the ability to certify them. Plaintiff has provided the Court with enough information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

2. The Court preliminarily approves the Settlement Agreement, including all of its terms and conditions and the allocation of payments.

3. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court provisionally certifies the following classes for settlement purposes only:

> **1) Disclosure Class**: All persons residing in the United States who applied for employment with or were employed by Pacific Logistics Corp since October 10, 2013 through June 26, 2019, and on whom Pacific Logistics Corp procured one or more Consumer Reports or Investigative Consumer Reports without making the disclosure required by 15 U.S.C. § 1681b(b)(2)(A)(i) or Cal. Civ. Code §1786.16(a);

**(2) Adverse Action Class**: All persons residing in the United States who applied for employment with or were employed by Pacific Logistics Corp since October 10, 2013 through June 26, 2019, and against whom Pacific Logistics Corp took adverse employment action based in whole or in part on information contained in a Consumer Report or Investigative Consumer Report without providing a copy of the report and/or notices required by 15 U.S.C. § 1681b(b)(3)(A) or Cal. Civ. Code § 1785.20.5(b).

The individuals in the above classes are termed Class Members.

4. This Court finds this action is maintainable as a class action under Rule 23(b)(3) for settlement purposes and preliminarily finds that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3) have been met and that class certification for purposes of approving the Settlement is warranted.

5. The Court preliminarily confirms Anthony J. Orshansky and Justin Kachadoorian of CounselOne, P.C. as Class Counsel.

6. The Court preliminarily confirms Dwayne Ballard as Class Representative.

7. The Court confirms CPT Group, Inc. as the Settlement Administrator.

8. The Court approves, as to form and content, the Class Notice attached as Exhibit A to this Order.

9. The Court directs the mailing of the Class Notice to the Class Members in accordance with the terms and conditions of the Settlement Agreement. The Court finds that the deadlines and methods selected for mailing and distribution of the Class Notice, as set forth in the Settlement Agreement, meet the requirements of due process and provide the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to notice.

10. Within 30 calendar days of the entry of this Order, Defendant shall provide to the Settlement Administrator a confidential database containing the full names, last known mailing addresses, social security numbers, and sub-classification

identifications for the Class Members ("Class Member Information.")

11. Within 40 calendars days of this Order, the Settlement Administrator shall send Class Notice of the Settlement to the Class Members in the manner set forth in the Parties' Settlement Agreement.

12. Class Members shall have 45 calendar days from the date that the Settlement Administrator mails the Class Notice to properly submit a request for exclusion/opt-out or objection. A Class Member who submits a time and valid request for exclusion using the procedures identified in the Settlement Agreement, and as set forth in the Class Notice, shall be excluded from the class for any and all purposes. A Class Member may object to the Settlement. To exercise this objection right, the Class Members must provide written notice of the objection, postmarked no later than 45 calendar days from mailing of the Class Notice, and must follow the procedures identified in the Settlement Agreement, and as set forth in the Class Notice, in order to be considered valid. Failure by a Class Member to submit a timely and valid objection will be deemed waiver of that Class Member's right to object and shall foreclose the making of any objection (whether by appeal or otherwise) to the Settlement.

13. A Final Approval Hearing will be held on March 23, 2019, at 1:30 p.m., or on another date convenient to the Court to determine whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to Class Members. As set forth in the Class Notice, Class Members may support or oppose the Settlement or Class Counsel's request for attorneys' fees and litigation costs at the Final Approval Hearing. The Court may continue the date of the Final Approval Hearing without further notice to Class Members.

14. The Court retains exclusive jurisdiction over this action to consider matters arising out of or connected with the Settlement Agreement.

///

///

15. Good cause appearing, the Court approves the proposed Class Notice and adopts the following dates and deadlines.

| | |
|---|---|
| Defendant to provide Class Information to Administrator | Within 30 days of the Preliminary Approval Order |
| Administrator to Send the Class Notice to Class Members | Within 40 days of the Preliminary Approval Order |
| Opt-Out Deadline; Objections by Class Members to Settlement | 45 days after mailing of Class Notice |
| Filing of Motion for Final Approval and Responses to Any Objections | 45 days after mailing of Class Notice plus 15 days |
| Final Approval Hearing | March 23, 2020 |

Dated: October 16, 2019

*Dale S. Fischer*

Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

- 4 -

Exhibit A

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING

United States District Court for the Central District of California
Ballard, et al. v. Pacific Logistics Corp, Case No. 2:18-cv-10320-DSF-JC

## A court authorized this Notice. This is not a solicitation from a lawyer.

- This notice relates to a proposed settlement in a class action lawsuit which alleges that defendant Pacific Logistics Corp ("Defendant" or "PLC") violated the Fair Credit Reporting Act ("FCRA") and California Investigative Consumer Reporting Agencies Act ("ICRAA"). Named plaintiff ("Named Plaintiff") alleged that Defendant violated the FCRA and ICRAA by failing to provide a clear and conspicuous written disclosure to applicants prior to obtaining a consumer report or investigative consumer report as required under the FCRA and the California statutes and by failing to follow statutory notice requirements and procedures with respect to adverse action against certain applicants. In other words, the case involves "background checks" that Defendant conducted in its application process. Defendant denies that it violated the law in any way whatsoever. The two sides disagree as to whether Defendant's conduct was permitted under the FCRA and the California statutes, whether Defendant would be liable under the FCRA or ICRAA with respect to its conduct and, if so, the extent of any such liability. The parties have, however, agreed to resolve the lawsuit through a Court-supervised settlement.

- The proposed Settlement Class is defined as follows: <u>Disclosure Class</u>. "All persons residing in the United States who applied for employment with or were employed by Pacific Logistics Corp, since October 10, 2013 through June 26, 2019, and on whom Pacific Logistics Corp procured one or more Consumer Reports or Investigative Consumer Reports without making the disclosure required by 15 U.S.C. § 1681b(b)(2)(A)(i) or Cal. Civ. Code § 1786.16(a)."  <u>Adverse Action Class</u>. "All persons residing in the United States who applied for employment with or were employed by Pacific Logistics Corp since October 10, 2013 through June 26, 2019, and against whom Pacific Logistics Corp took adverse employment action based in whole or in part on information contained in a Consumer Report or Investigative Consumer Report without providing a copy of the report and/or notices required by 15 U.S.C. §1681b(b)(3)(A) or Cal. Civ. Code § 1785.20.5(b)."

- You received the Notice because Defendant's records indicate that you may be eligible to receive benefits from this class action settlement.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | |
|---|---|
| Do Nothing | If you do nothing and the Court approves this settlement, you will receive a settlement payment. You will not be able to sue Defendant for the same or similar issues involved in this lawsuit again. |
| Ask to be Excluded by _____ | If you do not want to be included in the case and the settlement, you must exclude yourself. This is called "opting out." This is the only option that allows you to sue Defendant on your own at your expense regarding these issues. |
| Object by _____ | You may write to the Court and counsel about why you don't like the settlement. You cannot object if you opt out. |
| Go to a Hearing on _____ | Ask to speak in Court about the fairness of the settlement. |

- Your rights and options—**and the deadlines to exercise them**—are explained in this Notice. The Court still has to decide whether to approve this settlement as a final resolution, which may take some time.

Notice of Proposed Class Action                                   1.                                           Questions?
Settlement and Hearing                                                                                   Please Call _____

| **Basic Information** |
|---|

| **1. Why did I get the Notice?** |
|---|

You received this Notice because PLC's records show that you are a Settlement Class Member (defined above). Composition of the Settlement Class is based upon records available to Defendant through its employment application process.

The Notice has been sent because Settlement Class Members have a right to know about a proposed settlement of a class action lawsuit and about all of their options before the Court decides whether to approve the settlement. If the Court approves the settlement, and after objections or appeals relating to the settlement are resolved, the benefits provided for by the settlement will be available to Settlement Class Members.

This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. A full copy of the settlement agreement and other important case documents are available to Settlement Class Members at www._____.com. This Notice contains only a summary of the settlement agreement.

The Court in charge of this case is the United States District Court for the Central District of California, and the case is known as Ballard, on behalf of himself and others similarly-situated v. Pacific Logistics Corp, Case No. 2:18-cv-10320-DSF-JC.

| **2. What is the lawsuit about?** |
|---|

Named Plaintiff alleged that Defendant violated the FCRA and ICRAA by failing to provide a clear and conspicuous written disclosure to applicants prior to obtaining a consumer report or investigative consumer report as required under the FCRA and the California statutes and by failing to follow statutory notice requirements and procedures with respect to adverse action against some Settlement Class Members. These laws govern the various stages of background checks conducted for employment purposes. Based on these allegations, Named Plaintiff seeks statutory damages.

Defendant disputes Named Plaintiff's allegations and denies all liability to Named Plaintiff and the Settlement Class. Defendant denies Named Plaintiff's allegations and has available a number of defenses to the claims asserted. No court has found Defendant violated the law in any way. No Court has found that Named Plaintiff could recover any certain amount in this litigation. Although the Court has authorized Notice to be given of the proposed settlement, this Notice does not express the opinion of the Court on the merits of the claims or defenses asserted by either side in the lawsuit.

| **3. Why is this case a class action?** |
|---|

Class actions are lawsuits in which the claims and rights of many people are decided in a single proceeding. In a class action, a representative plaintiff ("Class Representative" or "Named Plaintiff") seeks to assert claims on behalf of all members of a class or a class of similarly-situated people. In a class action, people with similar claims are treated alike. The Court supervises the prosecution of the class claims by counsel for the Settlement Class ("Class Counsel") to assure that the representation is adequate. Settlement Class Members are not individually responsible for the costs or fees of counsel, which are subject to an award by the Court.

| **4. Why is there a settlement?** |
|---|

The Court did not decide this case in favor of the Class Representative or in favor of Defendant. Instead, counsel for the Settlement Class investigated the facts and applicable law regarding the Class Representative's claims and Defendant's defenses. The parties engaged in lengthy and arm's-length negotiations, including mediation, to reach this settlement. The Class Representative and Class Counsel believe that the proposed settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

Both sides agree that, by settling, Defendant is not admitting any liability or that it did anything wrong. Both

sides want to avoid the uncertainties and expense of further litigation.

## Who Is in the Settlement Class?

### 5. How do I know if I am part of the settlement?

The Settlement Class is comprised of two separate classes: the "Disclosure Class" and the "Adverse Action Class." You may qualify to be a member of both classes.

- <u>Disclosure Class</u>: All persons residing in the United States who applied for employment with or were employed by Pacific Logistics Corp, since October 10, 2013 through June 26, 2019, and on whom Pacific Logistics Corp procured one or more Consumer Reports or Investigative Consumer Reports without making the disclosure required by 15 U.S.C. § 1681b(b)(2)(A)(i) or Cal. Civ. Code § 1786.16(a).

- <u>Adverse Action Class</u>: All persons residing in the United States who applied for employment with or were employed by Pacific Logistics Corp, since October 10, 2013 through June 26, 2019, and against whom Pacific Logistics Corp took adverse employment action based in whole or in part on information contained in a Consumer Report or Investigative Consumer Report without providing a copy of the report and/or notices required by 15 U.S.C. § 1681b(b)(3)(A) or Cal. Civ. Code § 1785.20.5(b).

If you received a Notice, records available to Defendant indicate you are part of the settlement. If you are not certain as to whether you are a member of the Settlement Class, you may contact the Settlement Administrator, CPT Group, Inc., to find out. In all cases, the question of class membership will be determined based on records available to Defendant.

## The Settlement Benefits – What You Receive

### 6. What does the settlement provide?

If you are a member of the Settlement Class, you are eligible to receive a benefit under the settlement. Defendant has agreed to pay $300,000 into the settlement fund. The fund will be divided among all Settlement Class Members who do not opt out. The Settlement Class is comprised of approximately 396 people. If the expected requests for attorneys' fees and costs, the Settlement Administrator's fees and expenses, and the Named Plaintiff's enhancement award are granted by the Court, you should receive a settlement payment of approximately $452.44. Settlement Class Members in the Disclosure Class who are also members of the Adverse Action Class will receive double the settlement amount payment.

### 7. How can I obtain a benefit?

To receive your settlement payment, you do not have to do anything. Your interest as a member of the Settlement Class will be represented by Named Plaintiff and Class Counsel. You will be bound by any judgment arising from the settlement. If the settlement is approved and no appeals are taken based on objections, you will receive a check for your individual share of the settlement fund.

### 8. When would I get my benefit?

The Court will hold a Final Fairness Hearing on _____ at ____ p.m. in the United States Courthouse for the Central District of California, 350 W 1st Street, Los Angeles, CA 90012 in Courtroom 7D, to decide whether to approve the settlement. If the settlement is approved, there may be appeals. Payments to Settlement Class Members will be made only if the settlement is finally approved and no appeals are taken. This may take some time, so please be patient. Also, the Court reserves the right to change the date and time of the hearing.

### 9. What am I giving up to get a benefit or stay in the claim?

Upon the Court's approval of the settlement, all Settlement Class Members who do not exclude themselves (as well as spouses, heirs, and others who may possess rights on their behalf) will fully release Defendant (and its affiliates, parents, subsidiaries, employees, agents, and others who may be subject to claims with respect to Defendant as specified in the Settlement Agreement) from any and all applicable claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions or causes of action which relate to or arise out of the allegations asserted in the operative complaint in the Action for violation of the FCRA and ICRAA during the time period since October 10, 2013 through June 26, 2019. This release may affect your rights, and may carry obligations, in the future. To view the full terms of this release, which are contained in the Settlement Agreement, please visit www._____.com or send a written request to the Settlement Administrator.

### 10.  How do I opt out of the settlement?

If you choose to be excluded from the settlement, you will not be bound by any judgment or other final disposition of the lawsuit. You will retain any claims against Defendant you might have. To request exclusion, you must state in writing your desire to be excluded from the Settlement Class. **Your request for exclusion must be sent by first class mail, postmarked on or _____**, addressed to:

> Pacific Logistics Settlement Administrator
> CPT Group, Inc.
> [Address]

If the request is not postmarked on or before ____, your request for exclusion will be invalid, and you will be bound by the terms of the settlement as approved by the Court, including without limitation, the judgment ultimately rendered in the case, and you will be barred from bringing any claims which arise out of or relate in any way to the claims in the case as specified in the release referenced in paragraph 9 above.

### 11. If I don't exclude myself, can I sue Defendant for the same thing later?

No. Unless you exclude yourself by first class mail, postmarked on or _____, you give up any right to sue Defendant for the claims resolved by this settlement regarding Defendant's background check process.

### 12. If I exclude myself, can I sue Defendant for the same thing later?

Yes. If you exclude yourself, you are not part of the Settlement Class. You will retain whatever rights or claims you may have, if any, and pursue them at your expense against Defendant.

### 13. Do I have a lawyer in this case?

The Court has appointed the Named Plaintiff as Class Representative. The Court has also appointed CounselOne, P.C. as Class Counsel for the Settlement Class:

> Anthony J. Orshansky, Esq.
> Justin Kachadoorian, Esq.
> CounselOne, P.C.
> 9301 Wilshire Boulevard, Suite 650
> Beverly Hills, CA 90210
> Telephone:  310-277-9945

### 14. How will the lawyers be paid?

Class Counsel intend to apply to the Court for an award of attorneys' fees to be paid out of the settlement fund in the amount of $75,000, which is 25% of the settlement fund, plus costs of up to $10,000. Class Counsel also will seek an incentive award for Named Plaintiff in the amount of $5,000. These amounts will be paid from the settlement fund, not by you, if approved by the Court.

**Objecting to the Settlement**

**15. How do I tell the Court that I don't like the settlement?**

You can object to any aspect of the proposed settlement by filing and serving a written objection postmarked on or before _____. Your written objection must include: (1) your name, current mailing address, telephone number, email address and signature; (2) a detailed statement of the specific factual and legal basis for the objection(s) being asserted; (3) a notice of your intent to appear at the Final Fairness Hearing on _____, at _____, if you intend to appear; and (4) a detailed description of any and all evidence, including copies of any exhibits, which you may offer at the Final Fairness Hearing.

**You must file any objection with the Administrator at the address below:**

Pacific Logistics Settlement Administrator
CPT Group, Inc.
[Address]

**You must also send your objection by first class mail, postmarked on or before ___, to Class Counsel** and counsel for Defendant. These documents should be mailed to Class Counsel at:

Anthony J. Orshansky, Esq.
Justin Kachadoorian, Esq.
CounselOne, P.C.
9301 Wilshire Boulevard, Suite 650
Beverly Hills, CA 90210

and to counsel for Defendant at:

Clint D. Robison, Esq.
Vickie V. Grasu, Esq.
O'HAGAN MEYER
21550 Oxnard Street, Suite 1050
Woodland Hills, CA 91367

Any Settlement Class Member who does not file and serve an objection in the time and manner described above will not be permitted to raise that objection later and may not offer any evidence or exhibits at the Final Fairness Hearing.

### 16. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself or opting out is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the lawsuit no longer affects you. If you object and the Court still approves the settlement, you will be bound by the Court's ruling.

### 17. What and when will the Court decide whether to approve the settlement?

There will be a Final Fairness Hearing to consider approval of the proposed settlement on _____ at ___, located at the United States Courthouse for the Central District of California, 350 W. 1st Street, Los Angeles, CA 90012 in Courtroom 7D. The hearing may be postponed to a later date without further notice. The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of settlement; whether the Settlement Class is adequately represented by the Class Representative and Class Counsel; and whether an order and final judgment should be entered approving the proposed settlement. The Court also will consider Class Counsel's application for an award of attorneys' fees and costs, the Settlement Administrator's fees and expenses, and the Class Representative's enhancement award.

### 18. Do I have to come to the hearing?

No. Class Counsel will represent the Settlement Class at the Fairness Hearing, but you are welcome to come at your own expense. If you send any objection, you do not have to come to Court to talk about it, although you may do so. As long as you filed and mailed your written objection on time and in the manner described above, the Court will consider it. You may also pay your own lawyer to attend, if you wish. Unless you timely file an objection to the settlement, the Court may not hear your objection at the hearing.

### 19. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Fairness Hearing if you timely file an objection to the settlement.

## Getting More Information

### 20. Are there more details about the settlement?

This Notice is only a summary. For a more detailed statement of the matters involved in the lawsuit or the settlement, you may visit www._____.com or refer to the papers filed in this case during regular business hours at the office of the Clerk of the Court, United States District Court for the Central District of California, 350 W. 1st Street, Los Angeles, CA 90012-4701, File: Dwayne Ballard v. Pacific Logistics Corp, pending as Case No. 2:18-cv-10320-DSF-JC.  You may also contact the Settlement Administrator and Class Counsel for more information.

**PLEASE DO NOT CALL OR WRITE THE COURT, DEFENDANT, OR DEFENDANT'S ATTORNEYS FOR INFORMATION ABOUT THIS SETTLEMENT OR THE SETTLEMENT PROCESS. THE COURT WILL NOT RESPOND.**