JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE BALLARD, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC LOGISTICS CORP, an Arizona corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CV 18-10320 DSF (JCx)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;**<br><br>**(2) GRANTING MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF COSTS, AND INCENTIVE PAYMENT TO THE CLASS REPRESENTATIVE; AND**<br><br>**(3) ENTERING FINAL JUDGMENT** |

Plaintiff Dwayne Ballard's Motion for Final Approval of Class Action Settlement (Final Approval Motion) and Motion for Attorneys' Fees, Reimbursement of Costs and Incentive Payment to Class Representative (Attorneys' Fees Motion) was taken under submission due to concerns about Court appearances in light of COVID-19. The Court, having considered the Settlement Agreement, Final Approval Motion, Attorneys' Fees Motion, supporting papers, and the Parties' evidence and argument, and good cause appearing, grants final approval of the Settlement as indicated below and enters final judgment.

Capitalized terms in this Final Approval Order shall have the definitions in the Settlement Agreement.

IT IS ORDERED:

1. Pursuant to this Court's Preliminary Approval Order, Class Notice was mailed to each Class Member. The Class Notice informed Class Members of the terms of the Settlement, their right to be excluded from the Settlement and pursue their own remedies, their right to object to the Settlement, and their right to appear in person or by counsel at the Final Approval Hearing and be heard regarding approval of the Settlement. The Court finds that Class Members were afforded adequate time for each of these procedures.

2. The Court finds and determines that this notice procedure afforded adequate protections to Class Members. The Court further finds and determines that the Class Notice provided was the best notice practicable and satisfied the requirements of law and due process.

3. No Class Member filed written objections to the proposed Settlement as part of this notice process or stated an intent to appear and object at the Final Approval Hearing.

4. Five Class Members submitted timely and valid requests for exclusion from the Settlement: Noel Haynes, Jana Richards, Maureen Nicart, Albert Bratton, and Jonell Bratton.

5. The Court finds and determines that the terms of the Settlement are fair, reasonable, and adequate to Class Members, that participating Class Members will be bound by the Settlement, that the Settlement is finally approved, and that all terms and provisions of the Settlement consistent with this Order should, and are ordered to, be consummated.

6. The Court finds and determines that the Settlement Payments to be paid to Class Members are fair and reasonable. The Court orders that

payment of those amounts as adjusted in light of this Order be made to participating Class Members out of the Net Settlement Amount in accordance with the terms of the Settlement Agreement.

7. The Court confirms as final the appointment of Dwayne Ballard as Class Representative.

8. The Court confirms CounselOne, P.C. as Class Counsel.

9. The Court grants final approval of the following amounts to be paid out of the Gross Settlement Amount in accordance with the Settlement Agreement and the Court's Preliminary Approval Order:

    a. Attorneys' Fees and Costs in the total amount of $75,000[1] in fees and $7,012.45 in costs;

    b. Class Representative incentive award in the amount of $2,000[2] to Class Representative Dwayne Ballard; and

    c. Settlement Administration fees in the amount of $14,200 to CPT Group, Inc.

10. As of the Effective Date of the Settlement Agreement, Class Members (except those who submitted timely and valid requests for exclusion) shall be deemed to have, and by operation of this Final Approval Order and the final judgment entered in connection with this Final Approval Order shall have, fully and irrevocably released and forever discharged the Released Parties from all Released Claims, as more fully set forth in the Settlement Agreement.

11. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Final Approval Order and the Settlement.

---

[1] Because the Court approves of the 25% approach, the Court need not, and has not, approved either the stated hours or the suggested hourly rate as reasonable, and counsel shall not represent to any court that it has done so.

[2] The Court finds that Mr. Ballard, who apparently did not keep track of the hours spent in connection with this litigation, has spent the low to mid-range of time on this matter compared to other class representatives. He did, however, attend a full day mediation.

12. The Settlement Administrator shall pay 90% of the above-stated attorney's fees and costs to Class Counsel [timing] The remaining 10% shall be paid when Class Counsel provides a declaration stating that all other terms of the settlement have been implemented, as well as a proposed order releasing the remainder of the fees award.

13. The Parties are ordered to comply with the terms of the Settlement Agreement to the extent they are not inconsistent with this Final Approval Order.

Date: March 23, 2020

Dale S. Fischer
United States District Judge